WIGGINTON, Judge.
Appellants, employer/carrier, appeal the Judge of Compensation Claims’ award to appellee of continued medical management by Rehabilitation Advisors. We reverse.
On November 19, 1985, appellee was severely injured in a work-related incident which rendered her a paraplegic. By January 1986, employer/carrier accepted her as permanently totally disabled and they currently provide her 24-hour attendant care.
For several years, employer/carrier also provided appellee medical management services through Rehabilitation Advisors, which engaged Kathy Gould to coordinate medical visits, equipment and supplies and to obtain adjustment counseling for appel-lee. In August 1990, employer/carrier terminated its provision of Rehabilitation Ad-visors’ services. By that time, Ms. Gould was seeing appellee once a month and talking with her by telephone approximately twice a week; appellee was also receiving 24-hour per day attendant care with which Ms. Gould had no involvement.
In December 1990, appellee filed a claim requesting reinstatement of Rehabilitation Advisors. In April 1991, employer/carrier began providing appellee the services of a registered nurse, who is employed by appellant carrier as its medical management nurse. Even though Ms. Gould is not a “health care provider” as defined in Section 440.13(l)(b), Florida Statutes (1985), the JCC granted appellee’s claim, finding that Ms. Gould has considerable experience and no logical reason justified terminating her services to appellee.
Section 440.13(2)(a), Florida Statutes (1985) requires an employer to furnish to a claimant “such medically necessary remedial treatment, care and attendance by a health care provider and for such period as the nature of the injury or process of recovery may require.” (Emphasis supplied.) However, we find no provision in Chapter 440 requiring an employer/carrier to provide to a claimant the medical management services of one who does not qualify under Chapter 440 as a health care provider. Therefore, especially in a case such as the instant one where the employer/carrier is providing permanent total disability benefits, 24-hour attendant care and all of the required medically necessary services, as well as medical management by a registered nurse, the JCC had no authority *588 to award the medical management services of a non-health care provider.
REVERSED.
ALLEN and WEBSTER, JJ., concur.